COURT OF APPEALS OF VIRGINIA

Present:  Judges Bray, Frank and Clements
Argued at Chesapeake, Virginia


TOMOLACAS McKENZIE

v.    Record No. 3018-00-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE JEAN HARRISON CLEMENTS
DECEMBER 27, 2001

FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Randolph T. West, Judge

James S. Ellenson for appellant.

Marla Graff Decker, Assistant Attorney
General (Randolph A. Beales, Attorney
General, on brief), for appellee.


Tomolacas McKenzie was convicted in a bench trial of
possession of marijuana with the intent to distribute in violation
of Code § 18.2-248.1(a)(2) and possession of a firearm while in
possession of a controlled substance in violation of Code
§ 18.2-308.4.  On appeal he contends the trial court erred in
finding he consented to the search of his car and denying his
motion to suppress the marijuana and firearm.  Finding no error,
we affirm the convictions.

As the parties are fully conversant with the record in this
case and because this memorandum opinion carries no precedential
value, this opinion recites only those facts and incidents of the

---

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

proceedings necessary to the parties' understanding of the disposition of this appeal.

"On appeal from a trial court's denial of a motion to suppress, we must review the evidence in the light most favorable to the Commonwealth, granting to the Commonwealth all reasonable inferences fairly deducible from it."  Debroux v. Commonwealth, 32 Va. App. 364, 370, 528 S.E.2d 151, 154, aff'd en banc, 34 Va. App. 72, 537 S.E.2d 630 (2000).  So viewed, the evidence established that, on April 16, 2000, Officer Walston stopped McKenzie for a traffic infraction after observing his car skid when pulling out onto the road from a parking lot. Walston approached McKenzie and, detecting the odor of alcohol, asked him to get out of the car.  Walston subsequently asked McKenzie about searching his car.

Asked by the prosecutor at the suppression hearing to tell the court exactly what he asked McKenzie, Walston said, "I asked him if there would be any problem with me searching his vehicle."  In response, Walston testified, McKenzie said, "No." That was, according to Walston, the full extent of the conversation relating to the search.

Asked by defense counsel what he said exactly to McKenzie, Walston said, "I asked him if he had any problem with me searching, checking his vehicle.  He said, 'No.'"  Upon further questioning by defense counsel, Walston reiterated, "I asked [McKenzie] if he had a problem with me searching his vehicle.

-

He stated, 'No.'" Walston indicated he "asked the question one time and that was it." He admitted he did not use the word "consent" in requesting permission to search McKenzie's car.

In response to the trial judge's and prosecutor's additional inquiries, Walston said he asked McKenzie the question he normally asked, which was, "Do you have a problem with me searching your vehicle?"

Following McKenzie's negative response to that question, Walston conducted a search and found the subject marijuana and firearm in his car.

No direct evidence as to McKenzie's education or intelligence was presented, although McKenzie did testify that he was "[t]wenty-two years of age" and an employee of Burger King.

McKenzie's sole contention on appeal is that the Commonwealth failed to prove he validly consented to Officer Walston's search of his car. He argues that Walston's question concerning consent was confusing and susceptible to various interpretations. Thus, he concludes, his negative response to that question did not constitute consent to a search and the trial court erred in finding that it did.

"'Consent to a search . . . must be unequivocal, specific and intelligently given . . . and it is not lightly to be inferred.'" Elliotte v. Commonwealth, 7 Va. App. 234, 239, 372 S.E.2d 416, 419 (1988) (quoting Via v. Peyton, 284 F. Supp. 961,

-

967 (W.D. Va. 1968)).  "[T]he presence of consent is a factual question to be determined by the trier of fact."  Jean-Laurent v. Commonwealth, 34 Va. App. 74, 79, 538 S.E.2d 316, 318 (2000). Thus, we will reverse the trial court's ruling only if plainly wrong or unsupported by credible evidence.  See Debroux, 32 Va. App. at 370, 528 S.E.2d at 154.

Here, Walston testified that he asked McKenzie, "Do you have a problem with me searching your vehicle?" and that McKenzie answered, "No."  This testimony was sufficient to prove that Walston asked for permission to search the car and that McKenzie consented to the search of his car by Walston. Furthermore, although no evidence of McKenzie's education or intelligence was presented, it is clear from the record that McKenzie had a sufficient command of the English language, and its idiomatic nuances, to fully appreciate that, in responding negatively to Walston's straightforward question, he was consenting to the search.  We conclude, therefore, that the record contains sufficient evidence to support the trial court's finding that McKenzie unequivocally, specifically, and intelligently consented to the search of his car by Walston. Thus, the trial court did not err in denying the motion to suppress.

Accordingly, we affirm McKenzie's convictions.

Affirmed.

-